# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MICHAEL MOATES, DC CHRONICLE, and DC CHRONICLE LIMITED,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FACEBOOK, INC. and AT&T INC.,<br><br>　　　　Defendants. | Case No. 4:21-cv-00694 |

**DEFENDANT FACEBOOK INC.'S RESPONSE TO PLAINTIFFS' MOTION TO TRANSFER VENUE AND CONSOLIDATE**

1753040

Plaintiff Michael Moates's Motion to Transfer Venue and Consolidate seeks the impossible: it asks this Court to consolidate this case with a putative class action proceeding in a *different* district court. This Court lacks the power to grant that relief. Moreover, Plaintiff fails to carry his burden to show why this action should be transferred to the U.S. District Court for the Southern District of Florida, a venue which bears no connection to Plaintiff's claims. This Court should deny the Motion in its entirety.[1]

## BACKGROUND

This Motion is the latest phase in Plaintiff's frivolous campaign to evade this Court's previous decisions and authority. This campaign began in August 2021, when Plaintiff Michael Moates was still pursuing a prior federal lawsuit against Facebook in this Court: *Michael Moates v. Facebook Inc.*, No. 4:20-cv-896-ALM-KPJ (the "Prior Action"). After the assigned magistrate judge in the Prior Action issued several rulings in Facebook's favor, including a report and recommendation that the Prior Action be transferred to the U.S. District Court for the Northern District of California pursuant to a valid forum-selection clause in Facebook's Terms of Service, Plaintiff voluntarily dismissed the Prior Action.[2] *See* Prior Action, Dkts. 42 & 50. Days before that voluntary dismissal, Plaintiff filed the present action in Texas state court. In an attempt to avoid this Court's prior rulings, Plaintiff improperly joined in-state defendant AT&T Inc. in a transparent bid to defeat diversity jurisdiction and keep the dispute in state court.

---

[1] Defendant Facebook, Inc. has contemporaneously filed its own Motion to Transfer, which seeks to transfer this action to the U.S. District Court for the Northern District of California pursuant to an enforceable forum-selection clause in a valid contract between the parties.

[2] The assigned magistrate judge also ruled that DC Chronicle, an alleged corporation, could not proceed on a *pro se* basis. *See* Prior Action, Dkt. 12 at 2. This Court should again prohibit Plaintiff DC Chronicle, as well as Plaintiff DC Chronicle Limited, from pursuing any claims without first retaining counsel. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (observing "the well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney"). Indeed, Plaintiff Moates conceded—in a pleading filed yesterday—that the DC Chronicle entities cannot proceed in this case. *See* Dkt. 18 ("DC Chronicle and DC Chronicle cannot be represented pro se, as this court[] previously acknowledged."). Accordingly, throughout this brief, Facebook uses the singular "Plaintiff" to refer to Michael Moates, the only Plaintiff capable to proceed on a *pro se* basis here.

1753040

Facebook then removed the case to this Court, explaining in its Notice of Removal that there is complete diversity among the parties because Plaintiff's joinder of AT&T was a sham. *See* Dkt. 1 ¶¶ 23–28.

Now that his dispute with Facebook has returned to this court, Plaintiff has all but conceded his sham. He has pledged to dismiss AT&T and admitted that there is federal subject-matter jurisdiction over his claims. *See* Dkt. 16 (agreeing to dismiss AT&T by October 27, 2021); Dkt. 18 (seeking leave to amend and stating again that "AT&T is being dismissed"); Motion at 2 (asserting that the U.S. District Court for the Southern District of Florida "has jurisdiction" over Plaintiff's claims). But his forum-shopping quest continues, as Plaintiff now seeks to move this case to yet *another* court: the U.S. District Court for the Southern District of Florida, which is currently host to a putative class action captioned *Donald J. Trump, et al. v. Facebook, Inc., et al.* (21-cv-22440 S.D. Fl.).

## ARGUMENT

Plaintiff's Motion asks this Court to "transfer" this case to the Southern District of Florida and to "consolidate" this case with the *Trump* class action. There is no basis to grant either of Plaintiff's frivolous requests.

First, the Court should deny Plaintiff's "transfer" request because Plaintiff completely fails to carry his burden to show that the Southern District of Florida is a "clearly more convenient" forum. *See Texas Data Co. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 636 (E.D. Tex. 2011) (holding that for a motion to transfer, "the burden of proof is that the movant must show 'good cause,' and this burden is satisfied when the movant shows the transferee venue is 'clearly more convenient'"). The Southern District of Florida has absolutely no connection to the claims at issue in this case, and Plaintiff's motion makes no attempt to explain otherwise. Moreover, as set out in Facebook's contemporaneously filed Motion to Transfer, the parties have already agreed to litigate this case in California. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that "the presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus" for purposes of a motion to transfer).

This Court should transfer this case to the Northern District of California; there is no basis for a transfer to any other district.

Second, Plaintiff's "consolidation" request fails because this Court lacks the power to consolidate this case with *any* action pending in any other district.  *See, e.g.*, *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am. Inc.*, 2019 WL 2106416, at *1 (D. Colo. Jan. 17, 2019) ("[W]hen a party moves to consolidate cases pending in different districts, the court so moved lacks the authority to grant the motion.") (collecting cases).  Federal Rule of Civil Procedure 42, which governs consolidation, only allows for the consolidation of "actions before *the* court"— i.e., *this* Court, as the court entertaining Plaintiff's request.  Fed. R. Civ. P. 42(a) (emphasis added); *see also Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984) (observing that consolidation under Rule 42(a) is for "two or more cases involving the same parties and issues, simultaneously pending in the *same court*" (emphasis added)); *In re Pinchuk*, 2014 WL 1153027, at *2 (S.D. Fla. Mar. 17, 2014) ("For Rule 42(a) to apply, the cases must be simultaneously pending in the same court." (citing *Harget v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765–66 (11th Cir. 1995)); *Gutierrez v. Allstate Texas Lloyd's*, 2017 WL 5185480, at *3 (W.D. Tex. Jan. 31, 2017) (observing that "same court" is the first factor courts examine when "determin[ing] the applicability of Rule 42(a)").  Because the *Trump* class action is pending in a different district, consolidation with that case is not possible.

Finally, to the extent this Court construes Plaintiff's Motion as a request for joinder (given Plaintiff's several citations to Federal Rule of Civil Procedure 20), that request must also be denied because it was made in the wrong forum.  If Plaintiff seeks to join the *Trump* class action as a Plaintiff, he must make his request in that proceeding, not this one.  *See* Fed. R. Civ. P. 20(a)(1) (allowing for joinder of plaintiffs "in *one* action" (emphasis added)).

For the aforementioned reasons, Defendant Facebook, Inc. respectfully requests that this Court deny Plaintiff's Motion to Transfer and Consolidate.

3

Dated:  October 28, 2021

Respectfully submitted,

Allison Jacobsen
Texas Bar No. 00783549
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Telephone:  214.979.3000
Facsimile:  214.880.0011
ajacobsen@huntonak.com

*Attorney for Defendant FACEBOOK, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of the same to all counsel of record.  I further certify that I have served AT&T, Inc. and Plaintiffs via email.

Allison Jacobsen

1753040