# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MICHAEL MOATES, DC CHRONICLE, and DC CHRONICLE LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC. and AT&T INC.,<br><br>    Defendants. | Case No. 4:21-cv-00694 |

## DEFENDANT FACEBOOK INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff's Motion for Leave to File an Amended Complaint is baseless and should be denied out of hand.[1]  The relief Plaintiff seeks is remarkable:  the opportunity to file a *sixth* complaint against Facebook within one year.  And Plaintiff completely fails to show—as Rule 15 demands—that "justice" requires the relief he seeks.  Fed. R. Civ. P. 15(a)(2).

Plaintiff's parade of complaints began on November 19, 2020, when he filed his first lawsuit in this Court against Facebook.  *See Michael Moates v. Facebook Inc.*, 4:20-cv-00896 ("Prior Action"), Dkt. 1.  He amended that complaint as a matter of course shortly thereafter. *See id.*, Dkt. 5.  Facebook then agreed to allow Plaintiff to file a third complaint, *id.* at Dkt. 15, which he did in late December 2020, *id.* at Dkt. 20.  But after the assigned magistrate ruled against Plaintiff on a variety of issues—from his failed request for a temporary restraining order (which the magistrate denied), *id.* at Dkt. 26, to Facebook's motion to transfer (which the magistrate recommended be granted), *id.* at Dkt. 42—Plaintiff voluntarily dismissed the Prior Action, *id.* at Dkt. 50.  He then pursued a "new" case in Texas state court, where he filed his fourth complaint this year against Facebook.  *See* Dkt. 1 ¶ 12.  That complaint was amended in the early weeks of the state-court litigation, marking Plaintiff's fifth complaint.  Dkt. 8. Facebook then removed, bringing its dispute with Plaintiff back to this Court, where it started. Dkt. 1.

Plaintiff now asks this Court for permission to file a *sixth* complaint against Facebook. The Court should deny that motion for a simple reason:  Plaintiff has failed to show, as he must, that "justice so requires" this Court to grant leave to amend.  *See* Fed. R. Civ. P. 15(a)(2). Plaintiff makes no attempt to explain what new or different claims he seeks to pursue; he argues only that his new complaint "will be approached in accordance with" federal procedural rules, and that "[n]ew evidence that is vital to this case has come to light[.]"  Dkt. 18 at 1–2.  Tellingly, he fails to elaborate on the substance of that evidence or explain how it may bear on his putative

---

[1] Plaintiff failed to confer with Facebook prior to filing his motion.

1

claims.[2] *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (holding that the party seeking leave must "give the court some notice of the nature of his or her proposed amendments" and that "*some* specificity is required"). To the extent any "new evidence" or new claims are at issue, Plaintiff has left Facebook and this Court in the dark by failing to attach the proposed new complaint to his motion. That is reason enough to deny Plaintiff's request. *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) ("[T]he movant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof."); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (holding that in order "to determine whether 'justice so requires'" amendment under Rule 15(a)(2), "the court must have before it the substance of the proposed amendment"); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

Moreover, Plaintiff's repeated (and failed) procedural maneuverings reveal his "bad faith or dilatory motive[,]" which this Court should consider when weighing Plaintiff's request. *See Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314–15 (5th Cir. 1996) ("[T]he court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment" when deciding whether to grant leave to amend.); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (holding that leave to amend is "by no means automatic").

---

[2] To be sure, Plaintiff also pledges that defendant AT&T "is being dismissed" and that Plaintiffs DC Chronicle and DC Chronicle Limited are dropping their claims here, *id.*, but that is no reason to grant Plaintiff leave to amend. No amended pleading is required for those parties to be dismissed from this case. Indeed, Plaintiff already stipulated that he would "file a Notice of Dismissal Without Prejudice of AT&T, Inc. no later than October 27." Dkt. 16 at 2; *see also* Dkt. 17 (ordering "that Plaintiffs shall seek dismissal of Defendant AT&T Inc., no later than October 27, 2021"). Instead of abiding by that stipulated promise to file a simple notice of dismissal, Plaintiff now improperly seeks leave to file a new complaint.

Because Plaintiff has failed to show that justice requires he be granted leave to file a sixth complaint, this Court should deny his motion.

Dated:  November 10, 2021

Respectfully submitted,

By: *(signature)*

Allison Jacobsen
Texas Bar No. 00783549
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Telephone:  214.979.3000
Facsimile:  214.880.0011
ajacobsen@huntonak.com

*Attorney for Defendant FACEBOOK, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of the same to all counsel of record.  I further certify that I have served AT&T, Inc. and Plaintiffs via email.

By: *(signature)*
Allison Jacobsen

073923.0000071 EMF_US 87356568v1