IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL MOATES, <br> DC CHRONICLE, and <br> DC CHRONICLE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., and <br> AT&T INC., <br><br> Defendants. | § § § § § § § § § § § § | Civil Action No.: 4:21-cv-694-ALM-KPJ |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* Plaintiffs Michael Moates, DC Chronicle, and DC Chronicle Limited's (together, "Plaintiffs") Motion for Leave to File Amended Complaint (Dkt. 18) (the "Motion"), wherein: (1) Plaintiff Michael Moates seeks to dismiss his claims against Defendant AT&T Inc. ("AT&T"); and (2) Plaintiffs DC Chronicle and DC Chronicle Limited seek to dismiss their claims against both defendants in this action, Facebook, Inc. ("Facebook") and AT&T. *See* Dkt. 18. Facebook filed a response (Dkt. 21) opposing the Motion to the extent Plaintiff Michael Moates seeks to amend the complaint to assert new claims, but does not oppose the dismissal of all claims in this action asserted by Plaintiffs DC Chronicle and DC Chronicle Limited or the dismissal of all claims in this action asserted against AT&T. *See* Dkt. 21 at 3. In light of the relief sought in the Motion, the Court construes the Motion as a request for dismissal under Federal Rule of Civil Procedure 41. Upon consideration, the Court recommends the Motion be **GRANTED.**

## I.     BACKGROUND

Facebook removed this action on September 7, 2021. *See* Dkt. 1. AT&T filed an answer (Dkt. 9) prior to removal; Facebook has not filed an answer. On October 7, 2021, Plaintiffs and Facebook filed the Agreed Motion for Entry of Stipulation Regarding Deadlines Related to Motions to Transfer (Dkt. 16), wherein the parties stipulated, in part, that Plaintiffs would seek dismissal of AT&T no later than October 27, 2021. *See* Dkt. 16 at 2. On October 19, 2021, the Court entered an agreed briefing schedule concerning Plaintiffs' and Facebook's cross motions to transfer, which also ordered that "Plaintiffs shall seek dismissal of Defendant AT&T Inc. no later than October 27, 2021." *See* Dkt. 17.

On October 27, 2021, Plaintiffs filed the Motion, which seeks to dismiss all claims asserted against AT&T and all claims asserted by Plaintiffs DC Chronicle and DC Chronicle Limited. *See* Dkt. 18. The Motion further states "[n]ew evidence that is vital to this case has come to light since the petition was filed," but the Motion does not attach a proposed amended complaint or indicate that Plaintiff Michael Moates seeks to pursue additional claims against Facebook. *See id.* In Facebook's response (Dkt. 21), Facebook acknowledges, "Plaintiff already stipulated that he would 'file a Notice of Dismissal Without Prejudice of AT&T'" and that Plaintiff Michael Moates now "improperly seeks leave to file a new complaint" "[i]nstead of . . . fil[ing] a simple notice of dismissal." *See id.* at 3 n.2.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 41 provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment or by filing a stipulation of dismissal signed by all parties who have appeared. *See* FED. R. CIV. P. 41(a)(1). Where Rule 41(a)(1) does not apply, "an action may

be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* FED. R. CIV. P. 41(a)(2).

### III. DISCUSSION

#### A. Plaintiffs' Request to Dismiss all Claims Asserted Against AT&T

AT&T filed an answer in this matter; therefore, Plaintiffs' request to dismiss Defendant AT&T is governed by Rule 41(a)(2), which allows voluntary dismissal only by Court order and on terms the Court considers proper. *See* FED. R. CIV. P. 41(a)(2). AT&T has not asserted a counterclaim in this action, *see* Dkt. 9, and neither Defendant opposes Plaintiffs' request to dismiss all claims asserted against AT&T. Accordingly, the Court finds it is proper to dismiss all claims against Defendant AT&T.

#### B. Plaintiffs DC Chronicle and DC Chronicle Limited's Request to Dismiss all Claims Asserted Against Facebook

Facebook has not filed an answer or motion for summary judgment in this matter; therefore, Plaintiffs DC Chronicle and DC Chronicle Limited's request to dismiss their claims against Defendant Facebook is governed by Rule 41(a)(1), which allows for dismissal without court order upon notice of a plaintiff's intent to dismiss. *See* FED. R. CIV. P. 41(a)(1). The Court construes the Motion as Plaintiffs DC Chronicle and DC Chronicle Limited's notice of intent to dismiss all claims against Facebook. As such, formal court action is not necessary to dismiss such claims; however, the Court finds that in the interest of efficiency, justice, and maintaining the clarity of the record, an entry of order of dismissal is appropriate.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, the Court recommends the Motion (Dkt. 18) be **GRANTED**, that all claims asserted by Plaintiffs DC Chronicle and DC Chronicle Limited be **DISMISSED**

**WITHOUT PREJUDICE**, and that all claims asserted by Plaintiff Michael Moates against Defendant AT&T be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of December, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE